IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JACOB E. MIDDEL** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: 8:19-cv-498-PWG |
| **JACOB R. MIDDEL,** | * | |
| **OLD SILVER HILL, LLC,** | | |
| **WELLINGTON-RICHMOND** | * | |
| **INVESTMENTS, LLC** | | |
| | * | |
| **Defendants.** | | |
| | * | |

* * * * * * * * * * * * *
                        *
| | | |
|---|---|---|
| **JACOB R. MIDDEL,** | | |
| **OLD SILVER HILL, LLC,** | * | |
| **WELLINGTON-RICHMOND,** | | |
| **INVESTMENTS, LLC** | * | |
| **Plaintiffs,** | * | |
| v. | * | Case No.: 8:20-cv-682-PWG |
| **JACOB E. MIDDEL** | * | |
| **Defendant.** | | |
| | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses two related cases involving a family business dispute. The first case, No. 19-cv-498-PWG, was filed in this Court by Jacob E. Middel ("Middel Jr.") against his father, Jacob R. Middel ("Middel Sr."), and two limited liability companies, Old Silver Hill, LLC ("OSH") and Wellington-Richmond Investments, LLC ("WRI"), in which the father and son were members. The second case, No. 20-cv-682-PWG, was filed by Middel Sr., OSH, and WRI against Middel Jr. in the Circuit Court for

Montgomery County, Maryland and removed to this Court by Middel Jr. The cases involve the same basic facts that led to Middel Sr. allegedly terminating Middel Jr. from membership in the LLCs after Middel Jr. allegedly took money (or "borrowed" it, as Middel Jr. says) from the companies. Middel Jr. alleges that this Court has subject matter jurisdiction over both cases based on diversity of citizenship jurisdiction. Middel Sr., OSH, and WRI argue that the Court lacks subject matter jurisdiction, and on that basis have filed a motion to dismiss the first case and a letter outlining a proposed motion to remand the second. Because determining the citizenship of the LLCs requires resolving a factual dispute central to the merits of these cases, it must be resolved by a proceeding on the merits. Therefore both cases will proceed before this Court, and the motions to dismiss and remand for lack of jurisdiction are DENIED (for the former, until the underlying disputed facts necessary to determine the jurisdictional issue have been established).

## Background

The first case at issue here, No. 19-cv-498-PWG, was filed by Middel Jr. against his father, OSH, and WRI. The complaint alleges that Middel Sr. and Middel Jr. created OSH and WRI to own and control real estate in Prince George's County, Maryland, and were members with equal rights. 19-cv-498-PWG, ECF No. 1 at 2–3. Middel Jr. alleges that both father and son borrowed funds from the LLCs, but that in "approximately August 2017," Middel Sr. declared that he alone owned and controlled OSH and WRI and asserted "absolute dominion" over them because Middel Jr. had borrowed funds from the companies. *Id.* at 4. Middel Jr. brings claims for breach of contract and breach of fiduciary duty against Middel Sr., and for a declaratory judgment against Middel Sr., OSH, and WRI that he is entitled to co-manage and co-own the LLCs. *Id.* at 4–7. Middel Jr. alleges that this Court has jurisdiction based on

2

diversity of citizenship under 28 U.S.C § 1332. Middel Sr., OSH, and WRI filed a motion to dismiss for lack of jurisdiction, arguing that there is not complete diversity between the parties because Middel Jr. is a member of OSH and WRI, and therefore they share the same citizenship. The motion is fully briefed. *See* 19-cv-498-PWG, ECF Nos. 46, 49, 50.

While the motion to dismiss for lack of jurisdiction was being briefed in the first case, Middel Sr., OSH, and WRI filed the second case at issue here against Middel Jr. in the Circuit Court for Montgomery County, Maryland. Middel Jr. removed the case to this Court where it was docketed as case number 20-cv-682-PWG. In the complaint in that case, Middel Sr., OSH, and WRI allege that Middel Jr. took funds from OSH and WRI for his personal use without authorization and with no intention to repay the businesses. 20-cv-682-PWG, ECF No. 3 at 3–4. Middel Sr., OSH, and WRI bring claims for breach of contract, fraud and misrepresentation, gross negligence, and for a declaratory judgment regarding the interests and obligations of the parties in OSH and WRI. *Id.* at 4–8. OSH and WRI also bring a claim for conversion. *Id.* at 6–7. Middel Jr. removed the case to this Court on the basis of diversity of citizenship jurisdiction under 28 U.S.C § 1332. In accordance with my pre-motion procedures, Middel Sr., OSH, and WRI filed a letter outlining a proposed motion to remand. 20-cv-682-PWG, ECF No. 8. The issue is precisely the same as the parties have briefed in the motion to dismiss in the first case. Therefore, I will construe Middel Sr., OSH, and WRI's letter as a motion to remand and resolve the issue here along with the motion to dismiss in the first case. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

### **Standard of Review**

In the first case, Middel Sr., OSH, and WRI move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are

not in dispute and the moving party is entitled to prevail as a matter of law.'" *El–Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011) (quoting *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). "A Rule 12(b)(1) motion to dismiss is not limited to challenges to jurisdiction appearing from the face of the complaint. In considering the allegations, the court may consider extrinsic evidence and, if such evidence is disputed, may weigh and determine the facts." *United States ex rel. Ackley v. Int'l Bus. Mach. Corp.*, 76 F.Supp.2d 654, 659 (D. Md. 1999). Courts "regard the pleadings' allegations as mere evidence on the issue," and may consider additional evidence. *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Notably, if "'a defendant proffers evidence that calls the court's jurisdiction into question,'" then "no presumption of truthfulness attaches to the plaintiff's allegations." *Ackley*, 76 F. Supp. 2d at 659 (quoting *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)). When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff—here, Middel Jr.—to prove that subject matter jurisdiction exists. *See Evans*, 166 F.3d at 647; *El–Amin*, 2011 WL 2580630, at *2. *Rivero v. Montgomery Cty., Maryland*, 259 F. Supp. 3d 334, 339–40 (D. Md. 2017)

Middel Jr. removed the second case from the Circuit of Montgomery County, Maryland and Middel Sr., OSH, and WRI filed a letter, construed as a motion to remand, to remand the case back to state court. If a federal court determines that it does not have subject matter jurisdiction over a case that has been removed from state court, the federal court must remand the case back to state court. 28 U.S.C. § 1447(c). The party seeking removal carries the burden of establishing federal jurisdiction. *Jones v. Wells Fargo Co.*, 671 F. App'x 153, 154 (4th Cir. 2016). Because of federalism concerns, a federal court's jurisdiction to hear a removed case

must be strictly construed, with all doubts resolved in favor of remanding the case to state court. *See, e.g.*, *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The party asserting subject matter jurisdiction—here, Middel Jr.—must prove the facts necessary to establish jurisdiction by a preponderance of the evidence. *Simon v. Marriott Int'l, Inc.*, No. PWG-19-2879, 2019 WL 4573415, at *2 (D. Md. Sept. 20, 2019). The Court may consider facts outside the pleadings and is not limited to the allegations in a plaintiff's complaint when evaluating a motion to remand. *See United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005) (considering the entire record in evaluating a motion to remand); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (holding that the court has "authority to look beyond the pleadings and consider summary-judgment-type evidence, such as the affidavits and the depositions accompanying either a notice of removal or a motion to remand").

In both cases, the jurisdiction of this Court depends on the state of the facts at the time the actions were brought. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71, (2004) ("'[T]he jurisdiction of the court depends upon the state of things at the time of the action brought.' This time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.") (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539 (1824)).

## Discussion

Middel Jr. alleges that this Court has subject matter jurisdiction in both cases based on diversity of citizenship jurisdiction under 28 U.S.C § 1332. That statute provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

5

between—citizens of different States." 28 U.S.C § 1332(a)(1). The amount in controversy is not disputed here. Rather, the question is whether there is "complete diversity" between the parties. To have complete diversity, all plaintiffs must be diverse from all defendants. *See Banca Del Sempione v. Provident Bank of Maryland*, 85 F.3d 615 (4th Cir. 1996) ("Since *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), courts have interpreted section 1332 to require complete diversity between all parties."); *Dewhurst v. Telenor Invest AS*, 83 F. Supp. 2d 577, 595 (D. Md. 2000) ("This statute requires complete diversity among parties so that federal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides.")

The citizenship of a U.S. national for purposes of diversity jurisdiction is based on their state of domicile. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). The citizenship of a limited liability company, like OSH and WRI, for purposes of diversity jurisdiction, is based on the citizenship of its members. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Here it is undisputed that Middel Jr. is a citizen of Virginia and Middel Sr. is a citizen of Maryland. *See* 19-cv-498, ECF No. 2. It is also undisputed that Middel Sr. is a member of OSH and WRI. *See id.*; 20-cv-682-PWG, ECF No. 7. The question is whether Middel Jr. was a member of OSH and WRI at the time these actions were filed. If he was, then the citizenship of the LLCs includes Virginia and there is not complete diversity between the parties and this Court lacks subject matter jurisdiction over the cases. If not, there is complete diversity of citizenship and this Court has subject matter jurisdiction.

In the complaint in the first case, Middel Jr. alleges that OSH and WRI are "two Maryland limited liability companies that Plaintiff and Middel [Sr.] own together as members

under the Maryland Limited Liability Act, Md. Corps & Ass'n Art. § 4A-401, *et seq*." 19-cv-498, ECF No. 1 at 2.  In his Local Rule 103.3. disclosure statement in that case, Middel Jr., by his counsel under penalty of perjury, stated that Middel Jr. and Middel Sr. "are the only known members of Defendants Old Silver Hill, LLC, and Wellington-Richmond Investments, LLC." 19-cv-498, ECF No. 2.  In their original answers to the complaint in the first case, Middel Sr., OSH, and WRI denied that Middel Jr. was a member of OSH and WRI.  *See* 19-cv-498, ECF Nos. 44, 45, 46.  However, after Middel Sr., OSH, and WRI obtained new counsel, who identified the potential jurisdictional issue and filed the pending motion to dismiss, Middel Sr., OSH, and WRI filed proposed amended answers as attachments to their reply brief admitting that Middel Jr. is a member of OSH and WRI.  19-cv-498, ECF No. 50-1.

Middel Sr., OSH, and WRI argue that Middel Jr.'s statement that he is a member of OSH and WRI in his complaint in the first case constitutes a fatal flaw that destroys this Court's subject matter jurisdiction.  But for both a motion to dismiss under Rule 12(b)(1) and a motion to remand, the Court may look beyond just the pleadings without converting the motions to motions for summary judgments.  *See Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005).  And looking beyond the pleadings, the issue is not so straightforward.  As an attachment to its opposition brief, Middel Jr. submitted a sworn declaration stating that in December 2018, Middel Sr. sent Middel Jr. letters advising him that as the managing member of OSH and WRI, Middel Sr. was removing Middel Jr. as a member of both companies.  19-cv-498, ECF No. 49-1.  Middel Jr. included a copy of the letters as part of the declaration.  *Id.*, Ex. C.  The letters, one from Middel Sr. and OSH, the other from Middel Sr. and WRI, are both dated November 12, 2018, and state, "As the Managing Member, I am removing you as a member from both companies.

The money which you embezzled has been treated as a buyout of your legal interest in both Companies, effective January 1, 2018." *Id.*

Under Maryland Law, "[u]nless otherwise agreed," a person ceases to be a member of a limited liability company when that person is removed as a member in accordance with the company's operating agreement. Md. Code, Corps. & Ass'ns § 4A-606; *see also Thomas v. Bozick*, 92 A.3d 614, 621 (Ct. Sp. App. Md. 2014). In his declaration, Middel Jr. states that there is no written operating agreement for WRI. 19-cv-498, ECF No. 49-1 at 2. Middel Jr. attached the written operating agreement for OSH (which was formerly known as Rte 450 Investments, LLC), but it is silent on removal of members. *Id.*, Ex. B. Therefore whether Middel Jr. properly was removed as a member of the companies depends on what, if any, "other agreements" the parties made with respect to OSH and WRI. This is a disputed question of material fact, on which this Court's subject matter jurisdiction turns.

This dispute over membership in the OSH and WRI also carries over to the second case. In the complaint in the second case, Middel Sr., OSH, and WRI allege that "Middel Sr. and Middel Jr., respectively father and son, are members in two (2) separate limited liability companies. Those companies are OSH and WRI . . . ."). 20-cv-682-PWG, ECF No. 3. In his Local Rule 103.3. disclosure statement in that case, Middel Jr., by his counsel under penalty of perjury, stated that "[a]s of December 12, 2018, Plaintiff, [Middel Sr.], became the sole member of" OSH and WRI. 20-cv-682-PWG, ECF No. 7. Middel Jr. repeated this in his statement to comply with the Court's standing order concerning removal. 20-cv-682-PWG, ECF No. 9.

To sum up, both complaints allege that Middel Jr. is currently a member of OSH and WRI. The original answers filed by Middel Sr., OSH, and WRI to Middel Jr.'s complaint denied that Middel Jr. is a member of OSH and WRI, but the proposed amended answers submitted by

Middel Sr., OSH, and WRI's new counsel admit this fact. Middel Jr., through his counsel, first swore under penalty of perjury that Middel Jr. and Middel Sr. are members of OSH and WRI. Then, the same counsel, under penalty of perjury, swore that as of December 12, 2018, Middel Sr. is the sole member OSH and WRI. Middel Jr. produced a sworn affidavit, including letters, indicating that Middel Sr. purportedly removed Middel Jr. as a member of both companies in November or December 2018. The same declaration and attachments provide that there is no written operating agreement for WRI and the operating agreement for OSH is silent on removal of members. Therefore whether Middel Jr. properly was removed from the companies under Maryland law depends on what agreements Middel Sr. and Middel Jr. made.

Based on the foregoing, the jurisdictional facts regarding Middel Jr.'s membership in OSH and WRI at the times these actions were filed are in dispute. Typically to resolve a 12(b)(1) motion to dismiss based on subject matter jurisdiction, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (*citing Mims v. Kemp,* 516 F.2d 21 (4th Cir.1975)). However, when the disputed facts are central to the underlying dispute, the issue should be resolved on the merits. *Id.* The Fourth Circuit explained:

> Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction. This does not usually present a serious problem except in those cases where the jurisdictional facts are intertwined with the facts central to the merits of the dispute. It is the better view that in such cases the entire factual dispute is appropriately resolved only by a proceeding on the merits. See *Chatham Condominium Ass'n. v. Century Village, Inc.,* 597 F.2d 1002 (5th Cir.1979); *McBeath v. Inter-American Citizens for Decency Comm.,* 374 F.2d 359 (5th Cir.), *cert. denied,* 389 U.S. 896 (1967); *Mortensen v. First Federal Sav. and Loan Ass'n.,* 549 F.2d 884 (3d Cir. 1977); *see also Hospital Building Co. v. Trustees of Rex Hospital,* 511 F.2d 678, 680–81 (4th Cir.1975), *rev'd. on other grounds,* 425 U.S. 738 (1976); *see generally* 2A Moore's Federal Practice ¶ 12.16 (1982 & Supp.).

*Id.  See also Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (holding that "when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.").  Here the membership of Middel Jr. and Middel Sr. in OSH and WRI and the effect, if any, of Middel Sr.'s letters are central to the dispute in these cases.  In each case, the parties seek a declaratory judgment regarding the ownership interests of Middel Sr. and Middel Jr. in OSH and WRI.  And the potential liability of the parties depends on the rights and responsibilities that Middel Jr. and Middel Sr. had in the companies.  Therefore these issues must be decided in proceedings on the merits.  Accordingly, Middel Sr., OSH, and WRI's motion to dismiss in the first case, No. 19-cv-498, and their letter regarding a proposed motion to remand in the second case, No. 20-cv-682-PWG, construed as a motion to remand, are denied.  These cases will be consolidated and proceed in this Court.

## Conclusion

The parties dispute whether Middel Jr. is currently a member of two limited liability companies that he, at one point at least, owned with his father.  This dispute is central not only to the question of whether this Court has subject matter jurisdiction over these cases, but to the underlying merits of the cases.  Therefore the proper course is to proceed with discovery and for these cases to be decided on the merits.  Accordingly, Middel Sr., OSH, and WRI's motion to dismiss the first case is denied (at least for the time being), and their request to file a motion to remand the second case is construed as a motion to remand and denied.  Because these cases involve the same set of facts, they will be consolidated.  I will schedule a status conference with the parties to discuss next steps in these proceedings.

**<u>ORDER</u>**

For the reasons stated in this Memorandum Opinion and Order, it is this 9th day of July 2020, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 46 in Case No. 19-cv-498-PWG, is DENIED;

2. Defendant's Amended Answers, ECF No. 50-1 in Case No. 19-cv-498-PWG, are ACCEPTED as filed;

3. Plaintiffs' Letter Regarding a Proposed Motion to Remand, ECF No. 8 in Case No. 20-cv-682-PWG, is construed as a Motion to Remand and is DENIED;

4. The CLERK is directed to consolidate Case No. 20-cv-682-PWG with Case No. 19-cv-498-PWG;

5. The Court will schedule a Status Conference with the parties to discuss next steps in these cases.

/S/
Paul W. Grimm
United States District Judge